**James L. FLEMING, Appellant,**

v.

**UNITED STATES of America,**
Appellee.

No. 22018.

United States Court of Appeals District of Columbia Circuit.

Argued April 28, 1969.

Decided May 28, 1969.

———◆———

Mr. Richard S. Shine, with whom Mr. William W. Greenhalgh, Washington, D. C., (both appointed by this court) was on the brief, for appellant.

Mr. James A. Treanor, III, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., at the time the brief was filed, and Frank Q. Nebeker, Asst. U. S. Atty., at the time the brief was filed, were on the brief, for appellee.

Before BAZELON, Chief Judge, PRETTYMAN, Senior Circuit Judge, and McGOWAN, Circuit Judge.

McGOWAN, Circuit Judge.

In this appeal from a jury conviction of robbery and assault with a dangerous weapon, appellant does not seek reversal of the conviction but only a remand for the purpose of identifying what information the prosecutor gave to defense counsel in informal pretrial discovery, and what he did not give. Appellant urges that this is necessary in order to assure to him, and others similarly situated, the availability of collateral attack under 28 U.S.C. § 2255 (1964) on the ground of ineffective assistance of coun-

1. *See* United States v. Wallace, 254 F.Supp. 653 (E.D.Tenn.1965), aff'd, 361 F.2d 494 (6th Cir. 1966).

sel. This direct appeal is, by appellant's own characterization, made the vehicle of a request that we exercise our supervisory powers to prescribe a procedural rule of general application in the District Court. We decline the request; and the conviction appealed from, which is literally not under any direct challenge on this appeal, stands undisturbed.

## I

This is not to say, however, that appellant has failed to raise a problem which may well merit further examination through appropriate channels. Appellant cites as the source of the difficulty the following colloquy which, just before the trial began, took place at the bench and out of appellant's hearing:

> [Defense counsel]: I would like to state for the record, as I have in chambers, that there has been complete pretrial discovery between myself and [the prosecutor] with the exchange of the transcript of the preliminary hearing, etc., and there will be no surprise to the defense as to any evidence the Government might have and vice versa, and this will obviate any question of possible claim by the defendant of failure to have counsel file pretrial motions or to investigate his case adequately. There has been this disclosure.

> THE COURT: This applies to the Jencks Act Statements?

> [The prosecutor]: For the record, I have not made my files available but I have had an opportunity to discuss this at some length and I believe there has been adequate courtesy disclosure.

> THE COURT: Very well.

Appellant points out that, with the exception of the transcript of the prelimi-

nary hearing, it is impossible to tell from this exchange exactly what was discovered by defense counsel.[1] Even the response with respect to the court's question about Jencks Act statements is highly ambiguous, leaving the reader in the dark as to whether they had been forthcoming or not. Appellant asserts with some reason that all this colloquy accomplished was to place on record an assertion by trial defense counsel that he was personally satisfied with the disclosure made to him and that there can, accordingly, be no question but that he has served his client's interest adequately. Neither that client, nor any lawyer who may subsequently represent him, can tell what the precise scope of that discovery was. It may, of course, have been complete, but it also may have been selective, and appellant asserts in this connection that individual prosecutors vary greatly in their informal discovery dealings with defense lawyers.

Appellant insists that the remedy for this problem should be a requirement, superimposed by this court on the District Court, that the scope of informal discovery should be stated on the record so that the defendant can know the reach of the revelation with which his trial counsel purports to be satisfied. In oral argument before us, counsel for appellant appeared to be preoccupied with the problem of the prosecutor who simply fails to reveal the existence of particular items in his file, as distinct from the one who says he has something but refuses to exhibit it. It is by no means clear to us, however, that the procedure proposed by appellant would solve this problem, which is further complicated, of course, by the fact that the discovery provisions in the present Federal Rules of Criminal Procedure do not provide for anything like complete discov-

---

1. The Government's brief in this court characterizes the colloquy as showing that the prosecutor made available his complete file—a proposition that is by no means clear from the record. The remainder of the Government's brief appears to regard what appellant seeks as a request for us to use our supervisory pow- ers to compel the prosecutor to tender his entire file in every case, and it concludes by reminding us that it is not our function to supervise the Executive branch. The illumination of the matter at hand provided by this approach is, at best, limited.

ery of the Government's evidence to the defense. And this, in turn, leaves open the possibility that there may be differing interpretations in good faith as to what is comprehended within those Rules and what is not.[2]

It is also not clear how far appellant's true, or at least major, concern is with the competence of defense counsel in appraising the significance of what is shown to him by the prosecutor, and in utilizing it effectively in the defense of his client. A mere recital on the record of the items discovered will not, of course, reveal the significance, if any, of their contents, nor assure that such significance as they have will be properly exploited. Thus, to the extent that this is a goal of the specific proposal appellant presses upon us, it would not be realized by our affirmative response.

## II

The District Court, after appellant's brief was filed in this court, adopted on February 12, 1969, a local rule which is relevant to this matter. Rule 87(d)(3), set forth in the margin,[3] is patently designed to encourage informal discovery before trial as a means of reducing the number of formal written motions before the court. Since it requires defense counsel to forego a formal motion until he can certify the failure of a bona fide attempt on his part to get what he believes he is entitled to by informal application to the prosecutor the premise of the rule must be that the prosecutor will make an equally bona fide response to that effort. As to matters clearly within the scope of the Federal Rules, this presumably means disclosure except for special cause. It also assumes revelation of the existence of matters about which there might be legitimate dispute so that defense counsel may meaningfully utilize the right given him on refusal to file a formal motion for disclosure.

The District Court has, thus, already moved to deal in some degree with the subject of appellant's concern. It may even have envisaged that the operation of its new rule comprehended revelation upon the record of the results of the informal discovery, and it may be that some District Judges are compiling transcripts which do show what items have been disclosed to the defense prior to trial as a result of the greater emphasis placed upon informal discovery by the new local rule.

In this state of affairs, we see no compelling occasion for this court to promulgate at this time any flat requirement as to how informal discovery should be formally reflected in District Court proceedings. There are available more satisfactory and appropriate methods than an otherwise uncontested direct appeal in which to explore jointly with the District Court and with other interested parties the exact dimensions of the

2. The problem of what items of evidence must be disclosed by the prosecutor under the impact of the Due Process Clause despite their failure to fall within the reach of the Federal Rules has been the subject of comment. *See* Judge Frankel's opinion in United States v. Gleason *et al.*, 265 F.Supp. 880 (S.D.N.Y.1967), and the separate statements filed on denying rehearing *en banc* in Levin v. Clark, 133 U.S.App.D.C. 6, 408 F.2d 1209 (No. 20,-682, December 16, 1968). And the restricted scope of the discovery contemplated in terms by Rules 7 and 16, Fed.R. Crim.P., may well leave a gray area where disclosure may not be a necessary consequence of either the Rules or the Constitution.

3. Motions for bills of particulars and for discovery under Rules 7(f) and 16 respectively of the Federal Rules of Criminal Procedure shall not be noticed on the Motions Calendar unless they bear a certification in writing by defense counsel that he has made a bona fide attempt to secure the necessary relief from the United States Attorney on a voluntary basis, and that the United States Attorney has refused to comply with such request. Any motion so noticed shall be limited to the particular item as to which there is dispute between the United States Attorney and counsel for the defense, and unless, for good reason, argument is specially requested by either the defense counsel or the United States Attorney, shall be submitted for decision on the motions papers.

problem and the question of whether additional procedural innovations are in order.

Affirmed.

PRETTYMAN, Senior Circuit Judge.

I think we ought not render advisory opinions, even though I do not disagree with what my brethren say in substance. Moreover it seems to me the contemplated project falls within the phrase "means of improving the administration of justice within such circuit" [1] and as such is subject to consideration by all the judges in the circuit and the designated members of the bar acting together in a conference. Such a conference would afford opportunity for exploration and study of the subject in depth and recommendations based upon a consensus of many points of view. I agree with the order of affirmance.