**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Thomas Ralph FARESE, Defendant-
Appellant.**

**No. 71–1316**

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Nov. 16, 1971.

---

**7.** United States v. Morgan, 1954, 346 U.S. 502, 511, 74 S.Ct. 247, 252, 98 L.Ed. 248, 256.

* [1] Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Morton Orbach, Miami, Fla., Court appointed, for defendant-appellant.

Robert W. Rust, U. S. Atty., Jerome B. Ullman, Jr., Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Thomas Ralph Farese was found guilty by a jury of receiving and selling a stolen portrait of Ralph Waldo Emerson [1] valued in excess of $5,000 which was moving as, or was a part of and constituted interstate commerce, in violation of 18 U.S.C. § 2315.[2]

On this appeal Farese contends that the district court erred in denying his pre-trial motions to compel disclosure of evidence favorable to him and for discovery and inspection. He also raises for the first time his objections to the comments made by counsel for the government during closing argument and to the instructions given to the jury regarding reasonable doubt and interstate commerce. Upon examination of the record and briefs we find no support for any of these contentions and affirm the conviction.

More than five months in advance of trial a hearing was held on Farese's motions to compel disclosure of

---

1. The portrait was painted by Thomas Sully or an unknown artist.

2. "Whoever receives, conceals, stores, barters, sells, or disposes of any goods, wares, or merchandise, securities, or money of the value of $5,000 or more, or pledges or accepts as security for a loan any goods, wares, or merchandise, or securities, of the value of $500 or more, moving as, or which are a part of, or which constitute interstate or foreign commerce, knowing the same to have been stolen, unlawfully converted, or taken; or * * * Shall be fined not more than $10,000 or imprisoned not more than ten years, or both."

all evidence favorable to him and for discovery and inspection of certain documents. Shortly before the hearing was to commence, Farese's counsel notified the court that he would be unable to attend the hearing. At the time set for the hearing the court noted that Farese's counsel had failed to comply with Local Rule 10(g) [3] of the district court. The court thereupon denied Farese's motions, "without prejudice, if good cause can be shown." Farese's argument that this order placed an unlawful burden upon him to show good cause is without merit in view of his failure to renew his motions at any time during the five months between the date of denial and the day of trial.[4]

■ It is further contended that government counsel's comment during final argument to the effect that Farese had knowledge that the painting was stolen and that nobody had testified that the painting was worth less than $5,000 amounted to impermissible comments on his failure to testify in his own behalf. An examination of the entire summation by the government indicates that the prosecutor's remarks were nothing more than fair comment on the evidence before the jury and certainly did not constitute plainly erroneous comment on Farese's failure to testify.[5]

■ Farese's objections to the district court's instructions as misleading or erroneous are similarly without merit. Federal Rule of Criminal Procedure 30 precludes assignment as error any portion of the court's charge or omission from the charge unless the error is objected to before the jury retires. The instructions given in this case were proper and did not constitute "plain error."

The judgment of conviction is affirmed.

---

3. Rule 10(g)—Certain Motions Under Criminal Rules.

No hearing will be held on motions filed under the following Federal Rules of Criminal Procedure: Rule 7(f), Bill of Particulars; Rule 16, Discovery and Inspection; Rule 17(c), For Production of Documentary Evidence and Objects, unless counsel for the moving party confers with counsel for the opposing party and files with the Court at least three days prior to the scheduled hearing a statement certifying that he has conferred with counsel for the Government or the defendant, as the case may be, in an effort in good faith to resolve by agreement the information and items to be furnished under the motion without the intervention of the Court, and that counsel have been unable to reach such an agreement. If certain of the information and items sought have been agreed to, the statement shall specify those remaining unresolved.

4. A similar Local Rule was approved in Fleming v. United States, 135 U.S.App. D.C. 131, 417 F.2d 548 (D.C.Cir.1969). In United States v. Cook, 432 F.2d 1093 (7th Cir. 1970), cert. den. 401 U.S. 996, 91 S.Ct. 1224, 28 L.Ed.2d 535 (March 29, 1971), the court held that no reversible error was committed when the district court "denied at this time without prejudice" defendant's pre-trial motion for inspection of reports of scientific tests. The defendant there failed to rebut the government's opposition to the discovery motion and failed to renew the motion or raise the question again until on appeal. The court held:

[T]he result of the substantial broadening of Rule 16 has placed in the hands of the criminal defendant materials from prosecutors' files which were not previously available to him. We do not believe that this protective device should be subverted in its use so as to become a gaming device with which to gain an undeserved acquittal. We do not deem that the liberalized rule requires the forcing of discovery upon a defendant and if he consciously and deliberately chooses not to utilize the remedy after only a casual effort he can not complain that he was prejudiced on appeal. 432 F.2d at 1102.

5. See Samuels v. United States, 398 F.2d 964 (5th Cir. 1968), cert. den. 393 U.S. 1021, 89 S.Ct. 630, 21 L.Ed.2d 566 (1969).